IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN M. HANK, | ) Case No. 1:16-cv-02104 |
| | ) |
| Plaintiff, | ) JUDGE CHRISTOPHER A. BOYKO |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) THOMAS M. PARKER |
| GREAT LAKES CONSTRUCTION | ) |
| COMPANY, et. al., | ) |
| | ) **ORDER** |
| Defendants. | ) (Resolving Doc. 43) |
| | ) |

Defendants Great Lakes Construction Company and Local 18 International Union of Operating Engineers ("Local 18") deposed plaintiff Steven M. Hank on March 20, 2017. ECF Doc. No. 19. On April 18, 2017, Hank filed a motion for leave to file an errata sheet to that deposition for reasons of judicial economy and clarification.[1] ECF Doc. No. 24. Hank represented that the deposition transcript was made available to him on March 28, 2017. Id. at PageID #427. Federal Rule of Civil Procedure 30(e) provides that a deponent may make changes "in form or substance" to his deposition testimony within 30 days from the time the transcription is made available to him. Hank made his request within that 30 day period. However, because he failed to follow Rule 30(e)'s requirement that he request to review the transcript before the deposition was completed, Hank could not do so without leave of the court.

---

[1] Hank did not indicate what specific changes would be made via the errata sheet at that time.

On April 27, 2017, this court granted Hank leave. However, the court ordered that Hank file his errata sheet within 14 days of that order. Hank did not do so. Instead, Hank belatedly submitted an errata sheet to this court almost a week later without any explanation for his delay. ECF Doc. 40.

Local 18 filed a sealed motion to strike Hank's errata sheet based, in part, on Hank's failure to follow Rule 6(b). ECF Doc. 43, Page ID# 551-52. Rule 6(b) addresses when extensions of time may be granted. It provides:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

FRCP 6(b). Hank filed his errata sheet after the original time provided by the court had expired. Hank did not seek leave of court to do so in accordance with the Rule 6(b)(1)(B). Hank also has not opposed Local 18's motion to strike Hank's errata sheet. Because Hank did not request leave to file his errata sheet late or even attempt to demonstrate excusable neglect as required by Rule 6(b) and because he has not objected to Local 18's motion, the motion to strike (Doc 43) is GRANTED.[2] FRCP 6(b); *See Stevens v. Liberty Ins. Corp.*, No. 11-14695, 2012 WL 2408719, at *1 (E.D. Mich. June 26, 2012)(stating that plaintiff's failure to file a motion to extend precluded the court from accepting her untimely filing).

---

[2] To the extent that Hank counsel's failure to timely file the errata sheet was based on inadvertence, "inadvertence 'do[es] not usually constitute' excusable neglect." *Howard v. Nationwide Prop. & Cas. Ins. Co.,* 306 F. App'x 265, 267 (6th Cir. 2009) *citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Although Local 18's motion to strike is granted based on the above mentioned procedural reasons, the court expresses no view on the substantive issues raised in Local 18's motion.[3] Should Hank submit an affidavit "clarifying" his prior testimony, the court would apply the well-established "sham fact" or "sham affidavit" analysis. *See Balding–Margolis v. Cleveland Arcade*, 352 Fed.Appx. 35, 40 (6th Cir.2009); *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir.2006).

**IT IS SO ORDERED.**

Dated: August 2, 2017

Thomas M. Parker
United States Magistrate Judge

---

[3] Local 18 incorrectly asserts that Rule 30(e) corrections may only address typographical and transcription errors. ECF Doc. 43, PageID# 542-551. Although Local 18 and several courts have cited the Sixth Circuit's unreported decision in *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560 (6th Cir. 2009) for this proposition, *Trout* did not go that far. Despite quotes such as "Rule 30(e) does not alter what was said under oath" and "[a] deposition is not a take home exam" – ultimately, the court noted that the district court gave Trout the benefit of her corrected deposition testimony and used Trout's corrected deposition testimony in its analysis. The Sixth Circuit found that, even if it allowed the corrected testimony, the district court's decision would still stand. Moreover, in a reported case decided the same year as *Trout*, the Sixth Circuit acknowledged that Rule 30(e) allowed changes other than just to transcription or typographical errors. *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009)(stating that once plaintiff "had information that would have caused her to reconsider her deposition testimony regarding the scope of her claims, she had several options," including making changes "in form or substance" to her deposition under Rule 30(e)(1)(B)); *See also Jermano v. Graco Children's Products, Inc.*, No. 13-cv-10610, 2015 U.S. Dist. LEXIS 50377, *5-6, 2015 WL 1737548 (E.D. Mich. Apr. 16, 2015) (Observing that language in Carter suggests that a party might be permitted to make substantive changes via errata sheet). However, the undersigned declines to participate in the extensive debate regarding what changes are allowable under Rule 30(e) at this time, because it is not necessary for resolution of Local 18's motion to strike.