IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| STEVEN M. HANK, | ) | Case No. 1:16-CV-02104 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| GREAT LAKES CONSTRUCTION | ) | |
| COMPANY, et. al., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

**I.     Introduction**

On June 27, 2017, plaintiff Steven M. Hank deposed a dispatcher of defendant International Union of Operating Engineers, Local 18 ("Local 18"), Eileen Sliwinsky. Hank has moved the court to order Timothy Fadel, counsel for Local 18, to reimburse a portion of plaintiff's legal fees, to for his conduct at that deposition. ECF Doc. 68. Hank argues that Fadel improperly coached the witness and interposed numerous speaking objections.[1] Id. Fadel counters that fees should be denied because he did not impede, delay, or frustrate Hank's attempts to depose Sliwinsky. ECF Doc. 76. The undersigned agrees that Fadel interposed improper objections and failed to conduct himself in accordance with the civil and local rules of

---

[1] In his motion, Hank also requested that the court allow him to redepose Sliwinsky because of Fadels' conduct at the deposition. However, that issue was rendered moot by this court on August 11, 2017. ("The court, in the context of the discovery dispute hearing, inquired of plaintiff's counsel concerning the request to redepose Sliwinksky and was informed that in light of the discussions at the hearing it was not anticipated that a further deposition would be required. Therefore, in light of the representations of plaintiff's counsel, the court hereby OVERRULES the motion on the ground that it is MOOT.")

procedure. Nonetheless, the undersigned finds that Fadel's conduct did not impede, delay, or frustrate Hank's attempts to depose Sliwinsky. Thus, Hank's motion for fees and to re-depose Sliwinsky is **DENIED**.[2]

## II. Law

Federal Rule of Civil Procedure 30 provides the standard for deposition conduct and authorizes the court to impose sanctions on parties who fail to abide by the rules. Fed.R.Civ.P. 30(d) provides, in part: "[a]ny objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed.R.Civ.P. 30(d)(1). The rule further provides that "[a]t any time during a deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court ... may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). Fed.R.Civ.P. 30(d)(4). Local Rule 30.1 also provides instructions for deposition conduct:

> (3) Objections. Objections must be limited to (a) those that would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3) and (b) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3). No other objections can be raised during the course of the deposition. In the event privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting the privilege.
>
> (4) Speaking Objections. Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent.

---

[2] Judge Christopher A. Boyko referred this motion to the undersigned for disposition. ECF Doc. No. 69.

2

"The court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

**III.    Analysis**

Hank argues that Fadel obstructed Sliwinsky's deposition with excessive and improper objections, speaking objections, and suggestive responses. ECF Doc. No. 68, Page ID# 1056. Hank argues that such conduct delayed, frustrated, and obstructed the deposition. Id. Hank complains that Fadel frequently made statements such as "Answer if you know;" or "Answer if you understand;" or "Answer if you can." Id.st 1058-59. Hank argues that these objections were attempts to coach the witness because after Fadel states answer "if you know" or "if you can," Sliwinsky often stated that she did not know the answer. Id. at 1059.

Initially, the deposition transcript demonstrates that Fadel interposed unnecessary and excessive objections. Pursuant to L.R. 30.1 objections are limited to "(a) those that would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3) and (b) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3)." Several of Fadel's objections went beyond this scope.

Next, Fadel improperly interjected numerous speaking objections. In fact, Fadel admits that "adding the comment 'if you know' to a form objection is concededly not advisable." ECF Doc. No. 76, Page ID# 1285. However, he contends that these comments were not attempts to coach the witness. Id. Moreover, Fadel points out that Hank's counsel used the same language at least three times during his deposition.[3] Fadel is correct on both points. As to the latter,

---

[3] Hank's counsel, attorney Grubb, stated "[o]bjection, asked and answered. Go ahead, to the best of your ability." (p. 35: 1-3.); "go ahead and answer to the best of your ability." (p. 56: 16-20.); and "[o]bjection, if you know." (p. 93: 13-14.). ECF Doc. No. 76-5, Page ID# 1310-16.

3

Hank's counsel improperly made similar objections during Hank's deposition. Thus, Hanks' arguments are less persuasive where his own counsel engaged in similarly inappropriate behavior.

As to the issue of coaching, the record reflects several instances where after Fadel made statements such as answer if you know or understand Sliwinsky responded that she did not know or understand the question. See e.g. ECF Doc. 67-1; Page ID # 837-38, 865, 877, 886, 1001, 1008, 1031. Fadel also frequently stated "Objection. You can answer." See e.g. Doc 67-1; Page ID# 803-05, 807, 809-812, 819, 821-23, 831, 835, 843, 844, 847, 848, 852, 999. These speaking objections read together could suggest an attempt to coach the witness. However, a thorough review of the transcript does not suggest an effort at coaching the witness not to answer because, contrary to Hank's contention, in many cases where Fadel stated answer "if you know" or "if you can" Sliwinsky went on to answer the question (sometimes after further clarification from Hank's counsel). See e.g., ECF Doc. No. 67-1; Page ID# 826-27, 839, 843, 845, 857, 950, 1044, 1045.

As the court has previously discussed at several points in this matter, there has been a breakdown in professionalism among counsel in this case. This has been reflected in the numerous discovery disputes that have been unnecessarily brought to the court's attention, in correspondence between counsel, and in deposition conduct, as reflected in the Sliwinsky deposition transcript. Subsequent to the filing of this motion, the court admonished the parties for such behavior and ordered them to work together more respectfully and productively in the future. ECF Doc. No. 86. The court, at the August 8, 2107 hearing concerning discovery disputes, also personally admonished Fadel for his behavior at the deposition and in correspondence with Hank's counsel (Ms. Grubb). The court determines that its prior admonishment is sufficient to deter future improper deposition conduct. Moreover, the court

determines that despite Fadel's improper conduct, though technically worthy of sanction, did not impede, delay, or frustrate the fair examination of Sliwinsky.[4]  Accordingly, the court **DENIES** Hank's request for sanctions and **OVERRULES** the portion of the motion seeking to re-depose Sliwinsky on the ground that it is **MOOT**.

**IT IS SO ORDERED.**

Dated: October 25, 2017

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Order must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

---

[4] This determination is further supported by the fact that Hank indicated that he did not believe it was necessary to re-depose Sliwinsky.  See the Court's August 11, 2017 order ("The court, in the context of the discovery dispute hearing, inquired of plaintiff's counsel concerning the request to re-depose Sliwinsky and was informed that in light of the discussions at the hearing it was not anticipated that a further deposition would be required. Therefore, in light of the representations of plaintiff's counsel, the court hereby OVERRULES the motion on the ground that it is MOOT.")