# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. HANK, | ) | CASE NO.1:16CV2104 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| GREAT LAKES CONSTRUCTION | ) | **OPINION AND ORDER** |
| CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Steven M. Hank's ("Plaintiff") Objections (ECF DKT # 157) to the Report and Recommendation of the Magistrate Judge (ECF DKT # 152). For the following reasons, and after *de novo* review and consideration of Plaintiff's Objections, the Court accepts the Recommendation of the Magistrate Judge and grants Defendant The Great Lakes Construction Co.'s ("Defendant" or the "Company") Limited Motion for Summary Judgment (ECF DKT # 107).

## Background Facts

Plaintiff worked as a sandblaster for the Company from October 29, 2007 until January 22, 2016. Compl. ¶¶ 4, 16. Plaintiff is a member of the International Union of

Operating Engineers, Local 18 (the "Union").[1]  Compl. ¶ 4.  Accordingly, the collective bargaining agreements between the Company and the Union governed terms and conditions of Plaintiff's employment.

Plaintiff is forty-nine years old, holds a General Equivalency Diploma ("GED") and has post-high-school-level proficiencies in reading comprehension and word recognition, high-school-level proficiency in spelling and sixth-grade-level proficiency in arithmetic.

Plaintiff was injured on the job on March 27, 2012 when he fell over while sandblasting a trailer.  Compl. ¶ 5.  On June 15, 2012, Plaintiff filed a claim (the "BWC Claim") with the Ohio Bureau of Worker's Compensation ("BWC") for a torn meniscus.  Compl. ¶ 6.  Plaintiff ultimately had knee surgery.  Compl. ¶ 7.

Plaintiff alleges that it generally requires six weeks to recover from the type of surgery that he had, but the Company only allowed Plaintiff to take thirteen days of unpaid leave.  Compl. ¶ 8.  Because of this, Plaintiff began experiencing complications with his knee, including constant pain and two additional knee injuries.  Compl. ¶ 9.

Plaintiff filed a C86 Motion under the BWC Claim, requesting payment for his doctor's prescribed treatment of gel injections and occupational therapy for these additional knee injuries.  Compl. ¶ 10.  The Company rejected these requests.  Compl. ¶ 10.

During October and November of 2015, Plaintiff allegedly informed his supervisor that he would be filing additional claims with the BWC.  Compl. ¶ 13.  Plaintiff alleges that the Company began spying on Plaintiff in order to "'catch' him in some act to terminate and/or remove him from employment."  Compl. ¶ 13.

---

[1] The Union is also a defendant in this case.

On January 22, 2016, Plaintiff was called into a meeting with five Company managers who alleged that Plaintiff had falsified his timecards. Compl. ¶ 16. Plaintiff's Union representative, Jacob Siesel ("Siesel"), was also present at the meeting. According to the Company, Plaintiff did not dispute the accusations. Plaintiff was informed that he would be terminated. Subsequently, Plaintiff was presented with a document entitled "Acknowledgment and Agreement" (the "Release"), which stated as follows:

> The Great Lakes Company ("Great Lakes") agrees that instead of terminating Steven Hank for falsification of time records, it will place him on lay-off status with no right to recall. In return, Hank agrees that he will not file a grievance under the Collective Bargaining Agreement and that he will not pursue or file any sort of claim against either Great Lakes or his Local 18 of the International Union of Operating Engineers ("Union"). Mr. Hank agrees that he will not seek reemployment at any time in the future with Great Lakes. The Union agrees that it will not pursue or file any grievances on Mr. Hank's behalf.

Limited Mot. for Summary Judgment ("LMSJ") at 3-4.

Plaintiff allegedly asked for clarification regarding the effect of being laid off rather than terminated and the Company informed Plaintiff that if he signed the Release, he could seek unemployment benefits. *Id.* at 4. Plaintiff then signed the Release and the meeting ended. *Id.* Plaintiff alleges that he was coerced into signing the Release. Compl. ¶ 18.

Plaintiff alleges claims against both the Company and the Union, including one count for Disability Discrimination and one count of Age Discrimination in Violation of Ohio Revised Code ("R.C.") Chapter 4112, one count of Workers Compensation Retaliation in Violation of R.C. Chapter 4123 and one count of Company Breach of Collective Bargaining Agreement/ Union Breach of Duty of Fair Representation ("Count IV"). Plaintiff did not identify a statute under which Count IV was asserted, but Defendants removed the case to

federal court (*see* ECF DKT # 1) based on their contention that Count IV arose under § 301 of the Labor Management Relations Act (28 U.S.C. § 185).

The Company filed a Limited Motion for Summary Judgment arguing that Plaintiff's signing of the Release bars all of Plaintiff's claims against the Company. The Magistrate Judge recommended granting the Company's Motion on February 16, 2018. On February 27, 2018, Plaintiff filed his Objections to Magistrate's Report and Recommendations.

## LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)©, the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge. Parties are not permitted, at the district court stage, to raise new

4

arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**Is the Release void *ab initio*?**

Plaintiff objects that the release is void *ab initio* for purporting to waive certain non-waiveable rights. Specifically, Plaintiff first contends that the Release is void under R.C. § 4141.32, which provides that "[e]xcept as permitted by Chapter 4141 of the Revised Code, no agreement by an employee to waive his rights to benefits is valid." Ohio Rev. Code Ann. § 4141.32 (West 2018). Benefits are defined as "money payments payable to an individual who has established benefit rights, as provided for in this chapter, for loss of remuneration due to the individual's employment." Ohio Rev. Code Ann. § 4141.01© (West 2018).

Plaintiff contends that the Release unlawfully bars Plaintiff's right to claim unemployment compensation. However, Plaintiff does not allege that the Company prevented him from obtaining unemployment compensation and the Magistrate Judge correctly noted that there is no evidence that the Company attempted to prohibit Plaintiff from obtaining unemployment compensation. ECF DKT # 152, at 25. In fact, the Release was executed primarily so that Plaintiff *could* obtain unemployment compensation, which Plaintiff did. *See* Hank Dep. 47:22-48:5. Therefore, the Release is not void under R.C. § 4141.32.

Next, Plaintiff argues that the Release is void because it "purports to waive Hank's right to worker's compensation benefits." However, Plaintiff has likewise not alleged or presented any evidence that the Company prevented him from obtaining worker's compensation benefits. Thus, the Court finds that the Release is not void for waiving

5

worker's compensation benefits.

Finally, Plaintiff argues that the Release is void because it bars prospective claims. In *Adams v. Philip Morris, Inc.*, the plaintiff was laid off and signed a broad release of all claims, including discrimination claims. *See Adams v. Philip Morris, Inc.*, 67 F.3d 580, 582 (6th Cir. 1995). A year later, the plaintiff re-applied for his previous position. *Id.* Plaintiff was not hired, and he filed suit claiming age and racial discrimination. *Id.* The court noted that the general rule is that an employee may not prospectively waive his right to bring a discrimination claim against his employer. *See id.* at 584. However, the court also held that there was a question of fact in the case regarding whether the plaintiff's claim was a new claim or arose out of prior discrimination. *Id.* If the claim arose out of prior discrimination, it would be barred by the release. *Id.*

Plaintiff claims that the Release is invalid because it bars future claims, and cites *Adams* to support his argument. However, the *Adams* court held that a release may bar claims that the plaintiff had at the time of signing the release. Here, Plaintiff's claims against the Company all arise out of Plaintiff's termination, which occurred before Plaintiff signed the Release. Plaintiff contends that the Release bars prospective claims because he asserts claims against the Union which occurred after his termination. However, Plaintiff's claims against the Union are irrelevant to the enforceability of the Release between Plaintiff and the Company. Therefore, because the Release is not void *ab initio*, the Court finds that Plaintiff's first objection is without merit.

**Is the Release supported by adequate consideration?**

Plaintiff contends that the Magistrate Judge erred in concluding that the Release was

supported by adequate consideration. Consideration is defined as "the bargained for legal benefit and/or detriment." *MMK Group, LLC v. SheShells Co., LLC*, 591 F.Supp.2d 944, 963 (N.D.Ohio 2008). "The consideration for a contract need not necessarily be recited or expressed in writing; instead, the consideration may be proved by parol evidence or may be inferred from the terms and obvious import of the contract." *Harvest Land Co-Op, Inc. v. Hora*, No. 25068, 2012 WL 6554728, at *2 (Ohio Ct. App. 2d Dist. Dec. 14, 2012) (citing 17 Ohio Jurisprudence 3d, Contracts, § 40).

Plaintiff contends that the Company's promise to lay Plaintiff off instead of terminating him cannot be adequate consideration because Plaintiff already had a legal right to apply for unemployment compensation. However, as the Company notes in their reply brief, "the consideration for the Release was not that Plaintiff would be permitted to apply for unemployment benefits; it was that Great Lakes would lay off Plaintiff... and thereby significantly increase the probability of his claim being successful." (Emphasis original). Since employees are not entitled to unemployment benefits when they are fired for cause (such as for timecard falsification), the Company's promise to lay Plaintiff off instead of firing him did confer a benefit on Plaintiff. *See Schneider v. United Postal Serv., Inc.*, No. 98504, 2013 WL 1183326, at *1 (Ohio Ct. App. 8th Dist. Mar. 21, 2013) (affirming denial of unemployment benefits for an employee who was fired for timecard falsification). Furthermore, as the Magistrate Judge correctly noted, Ohio courts have found consideration when a party promised not to dispute an application for unemployment benefits, among other

things.² *See Bruner-Cox v. Dimengo*, No. 17732, 1997 WL 72095, at *3 (Ohio Ct. App. 9th Dist. Feb. 12, 1997) (finding sufficient consideration when a settlement agreement was supported by severance pay, a favorable reference letter, and a promise not to dispute an application for unemployment benefits). Therefore, the Court finds that the Release is supported by consideration.

Next, Plaintiff contends that the Release contains no consideration because "the Release is silent as to unemployment benefits or any claim to unemployment consideration." However, consideration need not be expressed in writing. *See Harvest Land*, 2012 WL 6554728, at *2. Plaintiff's testimony shows that both Parties understood the consideration to be the Company's agreement to lay Plaintiff off instead of firing him so that he could obtain unemployment benefits. *See* Hank Dep. 47:22-48:5. The Release states that the Company "agrees that instead of terminating [Plaintiff] for falsification of time records, it will place him on lay-off status with no right to recall." LMSJ at 3-4. Plaintiff is correct that this language does not specifically mention unemployment benefits; however, in light of the undisputed testimony of both Parties that the effect of this language was to enable Plaintiff to obtain unemployment benefits, the Court does not find this argument persuasive.

Lastly, Plaintiff argues that the Parties were "mutually mistaken as to a material fact as to what the consideration was purported to be for the Release." However, Plaintiff has not presented any evidence nor pointed to any factual issues which would support Plaintiff's claim of mutual mistake. Moreover, the undisputed testimony of both Parties undermines this

---

²Plaintiff argues that *Bruner-Cox* is factually distinguishable from the case at hand because the plaintiff in that case was a white-collar professional who was not represented by a union. However, the Magistrate Judge relied on *Bruner-Cox* solely for the contention that an agreement not to dispute an application for unemployment benefits may be adequate consideration. Therefore, the factual differences that Plaintiff points to are not relevant.

argument. *See* Hank Dep. 47:22-48:5; Fox Dep. 61:9-11. Accordingly, the Court finds that there was no mutual mistake. Therefore, after a *de novo* review, the Court finds that the Release is supported by adequate consideration and that Plaintiff's second objection is without merit.

**<u>Was Plaintiff constructively discharged such that the Release is invalid?</u>**

Plaintiff contends that "there is a genuine issue of material fact in this case as to whether Hank's layoff and execution of the Release were voluntary." Plaintiff cites several cases in support of this argument, all of which involve employees who were given the choice of voluntarily resigning or being terminated. Plaintiff has failed to explain the relevancy of any of these cases. Plaintiff was not given the choice of resigning or being terminated. Instead, Plaintiff was told that he was being terminated for timecard falsification and was presented with the option of signing the Release and being laid off instead so that he could obtain unemployment benefits. Plaintiff argues that he was not given a meaningful choice in being laid off; however, Plaintiff has failed to cite any authority that supports this argument. Generally, employees are not given a meaningful choice in being laid off. Therefore, the Court finds that Plaintiff's third objection is without merit.

**<u>Did Plaintiff sign the Release knowingly and voluntarily?</u>**

Finally, Plaintiff argues that the Magistrate Judge erred in concluding that he signed the Release knowingly and voluntarily. Plaintiff also contends that the Court should analyze his waiver of discrimination claims under the standards established in the Age Discrimination in Employment Act even though his claims arise under Ohio, not federal, law. The Magistrate Judge did not make a recommendation as to this contention but analyzed

9

Plaintiff's claims under the federal standard.

"A waiver is a voluntary relinquishment of a known right." *Chubb v. Ohio Bureau of Worker's Comp.*, 81 Ohio St.3d 275, 278 (1998). To determine whether a waiver was knowing and voluntary under federal law, courts consider the following factors:

> (1) plaintiff's experience, background, and education; (2) the amount of time the plaintiff had to consider whether to sign the waiver, including whether the employee had an opportunity to consult with a lawyer; (3) the clarity of the waiver; (4) consideration for the waiver, as well as (5) the totality of the circumstances.

*Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 974 (6th Cir. 2007).

Plaintiff first contends that he does not have the experience, background and education necessary to knowingly and voluntarily waive his rights. However, in *Sako v. Ohio Dep't of Admin. Servs.*, the court found a knowing and voluntary waiver when the plaintiff was not a native English speaker, completed the equivalent of a high school education and had no background in business or law. *See Sako v. Ohio Dep't of Admin. Servs.*, No. 2:06-cv-0728, 2007 WL 1500905, at *5 (S.D.Ohio May 21, 2007). Furthermore, as the Magistrate Judge noted, Plaintiff's expert found that Plaintiff has post-high-school-level proficiency in reading comprehension and word recognition. Lastly, the Release is a one-paragraph document which is written in plain English and is not particularly hard to understand.

Next, Plaintiff contends that "[h]e was never informed that he could take additional time to review the Release [nor]... advised to seek advice of counsel." However, Plaintiff has not cited any authority holding that the Company was legally required to so inform or advise him. The Magistrate Judge cited Sixth Circuit precedent holding that a release was knowing and voluntary because there was no evidence that the plaintiff asked for more time to consider

the release or consult an attorney. *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed.Appx. 476, 483 (6th Cir. 2014). Plaintiff has not distinguished *Shupe* nor presented any evidence that the Company prevented him from taking additional time to consider the Release or seeking advice from an attorney.

Plaintiff further contends that the terms of the Release are not clear and precise. Plaintiff has again failed to cite any authority in support of this argument. The court in *Sako* found that a release was clear when it was one page long and used plain English rather than technical language. *See Sako*, 2007 WL 1500905, at *7. Here, the Release is one paragraph long and is written in plain English.

Finally, consideration for the waiver is also a factor for knowing and voluntary release. As stated above, the Release is supported by adequate consideration. Thus, this factor weighs in favor of Defendant. Thus, considering the totality of the circumstances, the Court holds that the Magistrate Judge correctly concluded that Plaintiff knowingly and voluntarily executed the Release. Therefore, Plaintiff's fourth and final objection is without merit.

Therefore, for the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation and grants Defendant's Limited Motion for Summary Judgment.

IT IS SO ORDERED.

                                            s/ Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            United States District Judge

Dated: July 17, 2018