UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. HANK, | ) | CASE NO.1:16CV2104 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| GREAT LAKES CONSTRUCTION CO., et al., | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the September 28, 2018 Report and Recommendation of the Magistrate Judge (ECF #192), recommending the Court grant Defendant Union's Motion for Summary Judgment (ECF # 178); deny Defendant Union's Motion to Strike Plaintiff Steven Hank's affidavit (ECF # 186); and remand the case. Hank's sole objection is to the Magistrate Judge's Report and Recommendation that the Court grant summary judgment to Defendant International Union of Operating Engineers, Local 18 ("Union") on Hank's hybrid claim under Section 301 of the Labor Management Relations Act. For the following reasons, the Court rejects Hank's objections and Accepts and Adopts the Magistrate Judge's Recommendations.

**Background Facts**

Hank worked as a sandblaster for Defendant Great Lakes Construction Co. from October 29, 2007 until January 22, 2016. Hank is a member of the International Union of Operating Engineers, Local 18. Accordingly, the collective bargaining agreements between the Company and the Union governed the terms and conditions of Hank's employment.

Hank was injured on the job on March 27, 2012, when he fell over while sandblasting a

trailer. On June 15, 2012, Hank filed a claim (the "BWC Claim") with the Ohio Bureau of Worker's Compensation ("BWC") for a torn meniscus. Hank ultimately had knee surgery.

Hank alleges that it generally requires six weeks to recover from the type of surgery that he had, but the Company only allowed him to take thirteen days of unpaid leave. Because of this, Hank began experiencing complications with his knee, including constant pain and two additional knee injuries.

Hank filed a C86 Motion under the BWC Claim, requesting payment for his doctor's prescribed treatment of gel injections and occupational therapy for these additional knee injuries. The Company rejected these requests.

During October and November of 2015, Hank allegedly informed his supervisor that he would be filing additional claims with the BWC. Hank alleges that the Company began spying on him in order to "'catch' him in some act to terminate and/or remove him from employment." Compl. ¶ 13.

On January 22, 2016, Hank was called into a meeting with five Company managers who alleged that Plaintiff had falsified his timecards. Hank's Union representative, Jacob Seisel ("Seisel"), was also present at the meeting. According to the Company, Hank did not dispute the accusations. Hank was informed that he would be terminated. Subsequently, Hank was presented with a document entitled "Acknowledgment and Agreement" (the "Release"), which stated as follows:

> The Great Lakes Company ("Great Lakes") agrees that instead of terminating Steven Hank for falsification of time records, it will place him on lay-off status with no right to recall. In return, Hank agrees that he will not file a grievance under the Collective Bargaining Agreement and that he will not pursue or file any sort of claim against either Great Lakes or his Local 18 of the International Union of Operating Engineers ("Union"). Mr. Hank agrees that he will not seek

> reemployment at any time in the future with Great Lakes. The Union agrees that it will not pursue or file any grievances on Mr. Hank's behalf.

Limited Mot. for Summary Judgment ("LMSJ") at 3-4.

Hank allegedly asked for clarification regarding the effect of being laid off rather than terminated and the Company informed him that if he signed the Release, he could seek unemployment benefits. *Id.* at 4. Hank then signed the Release and the meeting ended. *Id.* Hank alleges that he was coerced into signing the Release.

Hank alleges claims against both the Company and the Union, including one count for Disability Discrimination and one count of Age Discrimination in Violation of Ohio Revised Code ("R.C.") Chapter 4112, one count of Workers Compensation Retaliation in Violation of R.C. Chapter 4123 and one count of Company Breach of Collective Bargaining Agreement/ Union Breach of Duty of Fair Representation ("Count IV"). Defendants removed the case to federal court (*see* ECF DKT # 1) because Count IV arose under § 301 of the Labor Management Relations Act (28 U.S.C. § 185).

The Company filed a Limited Motion for Summary Judgment, arguing that Hank's signing of the Release bars all of his claims against the Company. The Magistrate Judge recommended granting the Company's Motion on February 16, 2018 and on July 17, 2018, the Court accepted and adopted the Magistrate Judge's recommendation, granting limited summary judgment for Great Lakes.

On August 2, 2018, Defendant Union filed its Motion for Summary Judgment on Hank's state law disability discrimination claim and sole federal claim brought under Section 301 of the Labor Management Relations Act , 29 U.S.C. § 185, for breach of the Union's duty of fair representation. The Magistrate Judge recommends the Court deny the Union's Motion to Strike

Hank's affidavit attached in support of his Opposition brief.  The Magistrate Judge recommends the Court grant summary judgment for the Union on Hank's Section 301 claim.  As it is the sole remaining federal cause of action, the Magistrate Judge further recommends that the Court decline to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims and recommends the Court grant the Union's Motion to Remand the state law claims back to Cuyahoga County Court of Common Pleas where the case originated.

## LAW AND ANALYSIS

### Standard of Review

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(c), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation to which specific objection is made.  A party who fails to file an objection waives the right to appeal.  *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Put another way, 28 U.S.C. § 636(b) and Local Rule 72.3 authorize the District Court Judge to address objections by conducting a *de novo* review of relevant evidence in the record before the Magistrate Judge.  Parties are not permitted at the district court stage to raise new

4

arguments or issues that were not presented to the magistrate. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000), citing *United States v. Waters*, 158 F.3d 933 (6th Cir. 1998).

**Hank's Claim under Section 301 of LRMRA**

According to Count IV of Hank's Complaint, the Union failed in its duty to provide fair representation in the following manner:

> 70. In its representation of Mr. Hank in the grievance procedure, Local 18 Union acted in a discriminatory, arbitrary, and perfunctory manner, i.e., advised Great Lakes that they should fire Mr. Hank, which led to an upholding of the wrongful termination of the Plaintiff and the subsequent failure of Local 18 Union to maintain an action on the Plaintiff's behalf pursuant to the CBA. Local 18 Union's acts and omissions were arbitrary, discriminatory or in bad faith, and therefore constitute a breach of Local 18 Union's duty to fairly represent Plaintiffs interest under the CBA.
>
> 71. Great Lakes has violated the CBA and Local 18 Union has breached its duty of fair representation in acting in a discriminatory, arbitrary, and perfunctory manner at Mr. Hank's grievance hearing, and by subsequently failing to maintain an action on Mr. Hank's behalf and in connection with pursuant to the CBA, which failure is arbitrary, discriminatory or in bad faith.

In his Report and Recommendation, the Magistrate Judge found that Hank's Section 301 claim was a "hybrid" Section 301 claim because "the essential nature of his claim is rooted in the relationship between Great Lakes, the Union, and himself." (R & R Pg. 28). In a hybrid Section 301 claim, the Sixth Circuit has held that the "established rule that the two constituent claims in every hybrid 301 action—breach of collective bargaining agreement and breach of a union's duty of fair representation—are interdependent; if the first claim anchored in the employer's alleged breach of the collective bargaining agreement fails, then the breach of duty of fair representation claim against the union must necessarily fail with it." *White v. Anchor Motor Freight, Inc.*, 899 F.2d 555, 559–60 (6th Cir. 1990). In another hybrid Section 301 case, the Sixth Circuit held:

> In this hybrid suit under § 301 of the Labor Management Relations Act, 29 U.S.C.

> § 185, to recover against *either* the Company or the Union, [plaintiff] must show that the Company breached the Agreement *and* that the Union breached its duty of fair representation. *560 *Hines v. Anchor Motor Freight,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976). Unless [plaintiff] demonstrates *both* violations, he cannot succeed against either party.

*Bagsby v. Lewis Bros. Inc. of Tennessee,* 820 F.2d 799 (6th Cir.1987).

The Magistrate Judge engaged in a thorough and lengthy analysis of the elements of a hybrid Section 301 claim and, upon review of the claims in Hank's Complaint, concluded Hank had pled a hybrid Section 301 claim.

The Magistrate Judge found Hank alleged two theories of liability against the Union. In the first theory, Hank alleged the Union breached its duty of fair representation when it advised Great Lakes to fire him, resulting in his allegedly unlawful termination in violation of the CBA. The second theory concerns the Union's conduct at Hank's grievance hearing and for failing to maintain on action on his behalf in alleged violation of the CBA.[1] Having found Hank's claim under Section 301 was a hybrid claim, the Magistrate Judge then held that under applicable Sixth Circuit caselaw, in order to survive a summary judgment motion, Hank had to show that:1) Great Lakes breached the CBA; and 2) the Union breached its duty of fair representation. *Garrish v. Int'l Union United Auto., Aerospace & Agric. Implement Workers of Am.,* 417 F.3d 590, 594 (6th Cir. 2005). ("If both prongs are not satisfied, Plaintiffs cannot succeed against any Defendant.").

---

[1] The Magistrate Judge rejected Hank's additional theories of liability first asserted in his Opposition brief because the late hour of the allegations failed to give the Union notice that it would have to defend the allegations. Furthermore, the Magistrate Judge found that even if he were to consider the newly asserted allegations, they still failed to create issues of fact because the evidence supported the Union's position that its representation of Hank complied with the Union's duty of fair representation.

Upon review of the evidence presented, the Magistrate Judge found Hank failed to produce evidence sufficient to show that Great Lakes breached the CBA. Reviewing the CBA, the Magistrate Judge determined that under its terms Great Lakes retained the authority to: manage its business, determine whether employees like Hank performed their job duties satisfactorily and to terminate employees for just cause. The CBA gave Great Lakes the authority to terminate Hank for falsification of his time cards in violation of Great Lakes' policy. Hank did not dispute the results of Great Lakes' time card investigation at the time of his termination. The Magistrate Judge also determined that Hank failed to produce any evidence that his termination was in violation of the CBA beyond his own conclusory statements in his affidavit that his termination was in retaliation for his filing a workers' compensation claim.

As to Hank's argument that Great Lakes violated the CBA by requiring he waive unwaivable rights, the Magistrate Judge found the argument meritless based on the Court's prior ruling that the waiver was valid. Nor, in the Magistrate Judge's opinion, did Hank produce evidence that he was qualified for recall under the CBA when Great Lakes determined he violated company policy and failed to satisfactorily perform his job duties.

The Magistrate Judge also determined that Hank had not produced sufficient evidence to support his claim that the Union breached its duty to fairly represent him. According to Hank, his Union representative Seisel commented to Hank at the termination meeting that "contractors do not hesitate to terminate employees for stealing." Hank points to this statement of Seisel as evidence of the Union's breach of its duty to fairly represent him but the Magistrate Judge found Hank failed to point to any evidence that Seisel made the statement with some discriminatory

animus. Furthermore, the Magistrate Judge found the statement was not wholly irrational or in bad faith as it was made based on Seisel's own experience, his belief that Hank admitted falsely reporting his time at the meeting and Hank's decision not to dispute the allegations against him at the meeting. The Magistrate Judge further determined that the evidence did not support Hank's allegation that Seisel advised Great Lakes to terminate Hanks. Instead, the Magistrate Judge found that the undisputed evidence showed that Seisel stated he could not give an opinion on what Great Lakes should do.

Furthermore, the Magistrate Judge found that Hank could point to no evidence that the Union's decision not to take Hank's grievance to arbitration or otherwise was discriminatory, arbitrary or in bad faith. Instead, the Magistrate Judge found the undisputed evidence in the case demonstrated that the Union's decision to cease pursuing Hank's grievance was based on its own review of Great Lakes' evidence against Hank. In light of the above, the Magistrate Judge recommends that the Court grant the Union's Motion on Hank's hybrid Section 301 claim.

**Hank's Objections**

Hank objects solely to the recommendation that the Union be granted summary judgment on Hank's claim under Section 301. According to Hank, the Magistrate Judge's recommendation is based on the erroneous conclusion that the Court's July 17, 2018 Order, which granted limited summary judgment for Great Lakes, found Great Lakes did not breach the CBA. Rather, the Court's July 17, 2018 Order found only that Hank's Release was valid and enforceable and precluded him from asserting his claims against Great Lakes. Hank contends that finding the Release valid is not the same as finding Great Lakes did not violate the CBA.

Having reviewed the Report and Recommendation along with Hank's Objection, the

Court finds Hank's argument unavailing. First, Hank points the Court to no evidence creating an issue of the fact that Great Lakes violated the CBA when Great Lakes ended his employment for falsifying his time records. The Magistrate Judge determined that the undisputed evidence in the record showed that under the terms of the CBA, Great Lakes acted within its authority when it terminated Hank for falsifying his time records. Hank failed to create an issue of fact through competent evidence that the stated reason for his termination violated the CBA. Instead, he limits his challenge to the argument that the July 17, 2018 Order did not foreclose a finding that Great Lakes breached the CBA. However, the Magistrate Judge's recommendation for summary judgment for the Union is based primarily on Hank's failure to offer evidence of a breach by Great Lakes. Because Hank's offers no argument on this finding in his Objections, the Court accepts and adopts the Magistrate Judge's recommendation. Because Hank's failure to show a breach by Great Lakes is fatal to his hybrid Section 301 claim, the Union is entitled to summary judgment on this basis alone.

However, even if the Court were to consider Hank's argument that the July 17, 2018 Order on the Release did not determine whether Great Lakes breached the CBA, the Magistrate Judge did not hold that the Release constituted a finding that the Great Lakes did not breach the CBA. Rather, the Magistrate Judge held that because the July 17, 2018 Order found the Release valid and enforceable, Hank's argument that Great Lakes breached the CBA by forcing him to waive non-waivable rights to file claims and grievances fails as a matter of law. So while true that the July 17, 2018 Order made no finding that Great Lakes did not breach the CBA when it terminated Hank, the Magistrate Judge correctly concluded that the Order did find the Release was valid and its terms were enforceable, therefore, Hank waived his right to bring claims

against Great Lakes arising from his termination. Thus, the terms of the Release did not breach the CBA.

Hank next objects to the Magistrate Judge's holding that his Complaint at Count IV asserts only a hybrid Section 301 claim. Hank asks that the Court construe his Complaint as stating both a hybrid claim under Section 301 and a separate claim asserted solely against the Union for breach of the Union's duty of fair representation under 28 U.S.C. §1337.

Count IV of Hank's Complaint in its entirety reads as follows:

### COUNT IV

### Company Breach of Collective Bargaining Agreement/ Union Breach of Duty of Fair Representation

### Hybrid Section 301 Infraction

68. Plaintiff incorporates herein as if fully rewritten each and every allegation contained in paragraphs 1 through 67.

69. Mr. Hank's discharge by the employer Great Lakes was in violation of the collective bargaining agreement between the Local 18 Union and Great Lakes ("CBA"), as Great Lakes' investigation into any alleged theft of hours was not thorough and incorrect, leading to Mr. Hank's wrongful discharge without just cause in violation of Article 7 of the National Master Agreement, as the accusations against Mr. Hank did not arise to a "cardinal infraction under the applicable supplement" that would have allowed Mr. Hank's termination.

70. In its representation of Mr. Hank in the grievance procedure, Local 18 Union acted in a discriminatory, arbitrary, and perfunctory manner, i.e., advised Great Lakes that they should fire Mr. Hank, which led to an upholding of the wrongful termination of the Plaintiff and the subsequent failure of Local 18 Union to maintain an action on the Plaintiff's behalf pursuant to the CBA. Local 18 Union's acts and omissions were arbitrary, discriminatory or in bad faith, and therefore constitute a breach of Local 18 Union's duty to fairly represent Plaintiffs interest under the CBA.

71. Great Lakes has violated the CBA and Local 18 Union has breached its duty of

> fair representation in acting in a discriminatory, arbitrary, and perfunctory manner at Mr. Hank's grievance hearing, and by subsequently failing to maintain an action on Mr. Hank's behalf and in connection with pursuant to the CBA, which failure is arbitrary, discriminatory or in bad faith.

Although he asks the Court to liberally construe his claim at Count IV of his Complaint, the Magistrate Judge correctly determined Count IV states a "hybrid" Section 301 claim as asserted expressly in its caption and based on its allegations. At paragraph 69 Hank alleges a breach by Great Lakes and in paragraph 70 and 71 alleges a breach by the Union. There is nothing in his Complaint that would have placed the Union on notice that he was also asserting a duty of fair representation claim solely against the Union under 28 U.S.C. § 1337. As the Magistrate Judge correctly concluded, Hank's Complaint at Count IV clearly alleges a breach of the CBA by Great Lakes and a breach of its duty of fair representation by the Union in the same claim expressly under Section 301 of the LMRA. Nowhere does Hank assert a claim under §1337 and the Court will not construe it as such at the summary judgment stage.

Furthermore, the Magistrate Judge determined that Hank failed to offer sufficient evidence of a breach of duty by the Union. The Magistrate Judge, relying on undisputed evidence, found Hank's Union representative, Jacob Seisel, did not act with discriminatory animus, believed Hank did not dispute the basis for his termination - i.e. for falsifying his time records, and did not advise Great Lakes to terminate Hank, but instead, specifically stated he could not give an opinion on what Great Lakes should do. The Magistrate Judge further found the Union's decision to cease pursuing Hank's grievance was due to their own review of the evidence that Hank falsified his time records. Hank points the Court to no compelling evidence that would contradict the Magistrate Judge's findings.

Therefore, for the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation recommending the Court grant summary judgment for the Union on Hank's Section 301 claim.

The Magistrate Judge also recommends that the Court deny Defendant Union's Motion to Strike Hank's affidavit, attached to his Brief in Opposition, as a sham affidavit as certain portions directly contradict his deposition testimony. Instead, the Magistrate Judge recommends the Court disregard paragraph's 9,10,11, 15 and 25. No party objects to the recommendation of the Magistrate Judge. Therefore, the Court must assume that Hank and the Union are satisfied with the Magistrate Judge's recommendation. Any further review by this Court would be a duplicative and an inefficient use of the Court's limited resources. *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981). Therefore, the Court accepts and adopts the Magistrate Judge's unobjected to recommendation that the Court deny the Union's Motion to Strike.

Lastly, the Magistrate Judge recommends that the Court decline to exercise its supplemental jurisdiction over Hank's remaining state law claim as there no longer exists any federal question jurisdiction. Again, neither party objects to the Magistrate Judge's recommendation. "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction." *Brooks v. Rothe,* 577 F.3d 701, 709 (quoting *Wojnicz v. Davis,* 80 Fed.Appx. 382, 384-85 (6th Cir. 2003)). As there is no objection, and there remains no claims over which this Court has original jurisdiction, the Court accepts the Magistrate Judge's recommendation and grants the Union's Motion to Remand.

Therefore, for the foregoing reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and grants the Union's Motion for Summary Judgment (ECF # 178) on Hank's "hybrid" Section 301 claim at Count IV of his Complaint; the Court further accepts and adopts the Magistrate Judge's Report and Recommendation and denies the Union's Motion to Strike Hank's affidavit (ECF # 186); and accepts the Report and Recommendation granting the Union's request to remand. The Court orders the case be remanded to Cuyahoga County Court of Common Pleas for further adjudication.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: January 16, 2019